**FLORIDA EAST COAST RAILWAY COMPANY, a corporation, Appellant,**

v.

**BROTHERHOOD OF LOCOMOTIVE EN-GINEERS, Appellee.**

No. 22062.

United States Court of Appeals Fifth Circuit.

Jan. 26, 1965.

J. Turner Butler, Jacksonville, Fla., William B. Devaney, Washington, D. C., for appellant.

Allan Milledge, Neal Rutledge, Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, BROWN, Circuit Judge, and BREW-STER, District Judge.

PER CURIAM.

The Florida East Coast Railway Company (FEC) seeks a stay of the preliminary injunction issued on November 5, 1964, by the District Court. A consideration of the briefs and significant documentary evidence discussed at length therein convinces us that there are arguable, substantial distinctions to differentiate the case from the facts, and therefore the holding of this Court in Florida East Coast Railway Company v. Brotherhood of Railroad Trainmen, 5 Cir., 1964, 336 F.2d 172.

Without undertaking to prejudge the matter or to foreclose a different conclusion by the panel which hears and determines this cause on its merits, we are of the clear view that there is a substantial basis for the District Court's determination that the November 2, 1959 rules were superseded in fact and law and can no longer be revived as the basis for unilateral changes as was attempted by the notice of March 9, 1964. Without deciding the issue, we nevertheless note the significance of the letter notice of November 4, 1963, which by its terms (and arguably later expressly confirmed by the letter of February 24, 1964) seems to have placed "in effect, as of this date, the proposed Agreement appended to its notice to you of September 25, 1963." This notice of September 25, 1963, provided that when effective, the rules therein prescribed would supersede all other rules, agreements and understandings in conflict therewith. The letter of November 4, 1963, undertook to put the September 25, 1963, rules into practice as of that date. They may well have thus become "effective" so far as FEC was concerned and pursuant to the express terms of the notice of September 25,

1963, superseded all rules inconsistent therewith, including the November 2, 1959 notice. It appears that the letter of February 24, 1964, does not by its terms, nor by implication, effectually withdraw the September 25, 1963 notice, and this was not formally done until March 9, 1964.

In addition, the decree appealed from has another substantial difference. By its terms, it permits FEC on application and evidentiary showing to secure approval by the District Court to take such steps as are reasonably necessary to effectuate its right of self-help in continued operations during the strike. This raises considerable doubt as to its showing of irreparable harm and injury.

The stay is therefore denied, and the order of the District Court becomes effective as of 00:01 A.M. December 1, 1964.